UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRIN ROBINSON (#158443)**                                    **CIVIL ACTION**

**VERSUS**

**STEVE C. RADER, ET AL.**                                       **NO. 10-0241-JJB-CN**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 23, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DARRIN ROBINSON (#158443)**                                    **CIVIL ACTION**

**VERSUS**

**STEVE C. RADER, ET AL.**                                       **NO. 10-0241-JJB-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at Dixon Correctional Institute ("D.C.I."), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against D.C.I. Warden Steve C. Rader, Secretary James M. LeBlanc, former Secretary Richard L. Stalder, Louisiana State Penitentiary Warden N. Burl Cain, and Records Analyst Connie Kennedy, alleging that, notwithstanding that a court of competent jurisdiction has declared his criminal sentence invalid, the Louisiana Department of Public Safety and Corrections refuses to release him from confinement. He seeks monetary damages for his alleged wrongful confinement, as well as injunctive relief compelling his immediate release.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action or claim brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is

filed.  Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

In his Complaint, the plaintiff alleges that he was convicted in 1991 on charges of aggravated burglary and simple burglary of an inhabited dwelling in the Parish of Orleans, State of Louisiana.  He asserts that he was sentenced on November 5, 1991, to twenty-five years in confinement on the charge of aggravated burglary and six years in confinement on the charge of simple burglary, with these sentences to be served consecutively.  The State thereafter charged the plaintiff as a second felony offender and, after a hearing on this charge on November 19, 1991, the plaintiff was found to be a second felony offender and was re-sentenced to fifty years in confinement on the aggravated burglary charge.  On appeal, the plaintiff apparently complained that the state trial court erred by failing to vacate the original sentence before substituting the higher sentence.  Notwithstanding, the intermediate state appellate court upheld the sentence, finding in an unpublished opinion that, "the commitment order **signed by the judge** affirmatively vacates the sentence imposed previously on the defendant [and] .... [t]he appellant has cited no authority which would suggest that the commitment order signed by the trial judge is insufficient."  See State v. Robinson, 644 So.2d 1166 (La. App. 4th Cir. 1994)(emphasis in original).[1]  The

---

[1] The Court does not have before it the unpublished opinion of the Louisiana Court of Appeal for the Fourth Circuit, or any of the records of the plaintiff's criminal appeal or administrative remedy proceedings in state court but takes this history from a reported decision of the Louisiana Court of Appeal for the First Circuit in Robinson v. Stalder, 21 So.3d 318 (La. App. 1st Cir.

petitioner's subsequent application for supervisory review before the Louisiana Supreme Court was denied. State v. Robinson, 656 So.2d 1009 (1995). The plaintiff thereafter filed an administrative grievance with prison officials asserting the same claim and, upon denial thereof, a petition for judicial review in the 19th Judicial District Court for the Parish of East Baton Rouge, resulting ultimately in a judicial determination, in September, 2000, that the multiple offender sentence was invalid and that the plaintiff's sentence should be re-computed in accordance with the original sentence.  Instead of appealing this determination, defendant Cain contacted the Orleans Parish District Attorney's Office and requested that proceedings be commenced in that venue to correct the plaintiff's sentence. Accordingly, on October 26, 2000, a Motion to Correct Illegal Sentence was filed in the Parish of Orleans, and on October 30, 2000, the motion was granted, the original twenty-five year sentence was vacated, and the plaintiff was re-sentenced to fifty years in accordance with the multiple offender adjudication. Upon appeal of this determination, the Louisiana Court of Appeals for the Fourth Circuit determined that the East Baton Rouge Parish court had been without jurisdiction to declare invalid or alter the plaintiff's criminal sentence (not having been the court which convicted him), that the issue of the validity of the multiple offender adjudication had already been correctly and finally decided on direct appeal, and that the original sentence was in full force and effect. State v. Robinson, 818 so.2d 246 (La. App. 4th Cir. 2002), writ denied, 847 So.2d 1222 (La. 2003).

---

2008), writ denied, 23 So.3d 916 (La. 2009), and from an opinion issued by the United States District Court for the Eastern District of Louisiana in connection with the plaintiff's habeas corpus proceedings in that venue, Robinson v. LeBlanc, 2008 WL 506151 (E.D. La., Feb. 21, 2008).

Accordingly, the Fourth Circuit Court reinstated the plaintiff's fifty-year sentence which had been entered on November 19, 1991. Notwithstanding this determination, the plaintiff again commenced prison administrative proceedings and, upon denial thereof, judicial review proceedings in the 19th Judicial District Court.  That Court, however, concluded that the fifty-year sentence was in full force and effect as had been determined by the Louisiana Court of Appeal for the Fourth Circuit, and subsequent applications for supervisory review in the Louisiana appellate courts were also denied.  <u>Robinson v. Stalder</u>, 21 So.3d 318 (La. App. 1st Cir. 2008), <u>writ denied</u>, 23 So.3d 916 (La. 2009). Now, the plaintiff has commenced this civil rights action pursuant to 42 U.S.C. § 1983, again seeking to effectively reinstate his original sentence of twenty-five years.

Upon initial review, this Court must first determine whether the petitioner's claim is one which is properly pursued under 42 U.S.C. § 1983 or whether it is one which must be brought as a habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  This determination is made by focusing on the scope of relief actually sought by the petitioner.  <u>Serio v. Members of the Louisiana State Board of Pardons</u>, 821 F.2d 1112 (5th Cir. 1987).  In <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement, and seeking immediate or earlier release from that confinement, must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action.  In the instant case, although the plaintiff's Complaint was filed on a form for the assertion of civil rights claims brought pursuant to 42 U.S.C. § 1983, the Complaint, in actuality, seeks relief, at least in part, in the nature of a writ of habeas corpus and must be

pursued as such under 28 U.S.C. § 2254 because the petitioner challenges his present confinement and seeks release from that confinement. Accordingly, that portion of his Complaint which seeks release from confinement is subject to dismissal for this reason.

Moreover, pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the plaintiff's claim for monetary or equitable relief under § 1983 is not cognizable because "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." In the present case, resolution of the plaintiff's claim in his favor, i.e., a determination that the defendants have wrongly miscalculated his release date based on the multiple offender adjudication, would necessarily imply that his confinement should be terminated or curtailed. Since the plaintiff has failed to allege or even suggest that his sentence of confinement has been invalidated or called into question by a court of competent jurisdiction in a separate proceeding, the plaintiff's claim falls squarely within the holding of Heck v. Humphrey. Accordingly, his cause of action under § 1983 for monetary damages and equitable relief attributable to his alleged unconstitutional confinement has not yet accrued. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997). It is therefore appropriate that the plaintiff's § 1983 claim be dismissed, with prejudice. See Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

## RECOMMENDATION

It is recommended that this § 1983 action be dismissed, with

prejudice, as legally frivolous under 42 U.S.C. § 1915, until the conditions set forth in Heck v. Humphrey, supra, are met.[2]  See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997) ("Under Heck, [the plaintiff] cannot state a claim so long as the validity of his conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit").

Signed in chambers in Baton Rouge, Louisiana, April 23, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."